UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC YBARRA,<br><br>                Plaintiff,<br><br>      v.<br><br>CAROLYN W. COLVIN,<br>ACTING COMMISSIONER OF THE<br>SOCIAL SECURITY ADMINISTRATION,<br><br>                Defendant. | Case No. CV 12-10155-PJW<br><br>MEMORANDUM OPINION AND ORDER |

## I. INTRODUCTION

Plaintiff appeals a decision by Defendant Social Security Administration ("the Agency"), denying his application for benefits. He claims that the Administrative Law Judge ("ALJ") erred when he: (1) relied on the vocational expert's testimony that Plaintiff could perform certain jobs; and (2) failed to take into account certain limitations found by the consultative examining doctor. For the reasons explained below, the Court concludes that the ALJ erred and remands the case to the Agency for further consideration.

## II. STATEMENT OF FACTS

On November 10, 2008, Plaintiff applied for Supplemental Security Income ("SSI") benefits, alleging that he was disabled due to diabetes, cranial nerve palsy, obesity, sleep apnea, foot spurs, headaches, hypertension, and depression. (Administrative Record ("AR") 233-41, 275-76, 279-291, 314, 318-19.) After the application was denied initially and on reconsideration, Plaintiff requested and was granted a hearing before an ALJ. (AR 109-24.) The ALJ held hearings in September 2010 and July 2011. (AR 7-28, 33-80.) On July 29, 2011, he issued a decision, finding that Plaintiff was not disabled. (AR 90-102.) Plaintiff appealed to the Appeals Council, which denied his request for review. (AR 1-3.) This appeal followed.[1]

## II.   ANALYSIS

### A.   The Vocational Expert's Testimony

The ALJ determined, among other things, that Plaintiff could not work around machinery and could handle and finger only frequently. The vocational expert identified three jobs that Plaintiff could perform, which, arguably, require him to work around machinery and/or to handle and finger constantly. Plaintiff contends that the ALJ erred in adopting the vocational expert's testimony that he could perform these jobs. For the following reasons, the Court agrees.

The ALJ adopted the vocational expert's testimony that Plaintiff could work as a buckler/lacer (DOT No. 788.687-022), stuffer (DOT No.

---

[1] Though Plaintiff filed an application for SSI, the Agency interpreted it as one for Disability Insurance Benefits and processed it accordingly. The parties do not contend that the Agency erred in doing so.

731.685-014), or jewelry preparer (DOT 700.687-062). (AR 101.)  As the Agency now seems to concede, however, the vocational expert was wrong when she testified that he could work as a buckler/lacer because that job requires *constant* fingering and handling and Plaintiff is limited to *frequent* fingering and handling.  As the Agency also seems to concede, Plaintiff could not work as a stuffer because it requires the use of a stuffing machine.

The Agency rests its hopes on affirmance on the jeweler preparer job.  This job, however, requires cutting, sawing, or breaking off gates from jewelry castings, "using shears, jeweler's saw, pliers, or foot press equipped cutting tool."  *See* DOT No. 700.687-062.  It also involves removing burrs and rough edges of casting, "using [a] file or grinding wheel."  *See* DOT No. 700.687-062.  Without providing any authority for his position, Plaintiff argues that a grinding wheel and a foot press cutting tool are machines, which he is precluded from using.  (Joint Stip. at 6.)  The Agency, also without authority, counters that a foot press is a tool, not a machine, and, therefore, the ALJ did not err when he concluded that Plaintiff could perform the jewelry job. (Joint Stip. at 8-9.)  It does not address the grinding wheel.  (Joint Stip. at 9.)

The Court construes the Agency's failure to counter Plaintiff's argument that a grinding wheel is a machine as a concession that it is.  As such, remand is necessary to allow the ALJ to re-address the issue of whether Plaintiff can perform the job of jewelry preparer despite the fact that he will be exposed to machinery, i.e., a grinding wheel.  The Agency should also address whether a foot press cutting tool is a machine or a tool since there does not appear to be an answer to that question in the record.  Depending on the answers to

these questions, the Agency can then determine whether Plaintiff can perform the job of jewelry preparer or any other job in the economy.[2]

### B. The Examining Doctor's Opinion

Examining doctor Haleh Safavi concluded, among other things, that Plaintiff could sit for eight hours in a workday though only two hours at a time. (AR 548.) According to the ALJ, he accepted Dr. Safavi's opinion and relied on it in formulating Plaintiff's residual functional capacity. (AR 98-99.) But the ALJ failed to include the two-hour sitting limit in his hypothetical question to the vocational expert at the hearing or in the decision that followed. (AR 19-20, 95.) Plaintiff argues that this amounted to a rejection of that portion of Dr. Safavi's opinion without explanation and necessitates reversal and remand. As a corollary to that argument, he contends that the ALJ's hypothetical was insufficient because it did not include this limitation.

The Agency disagrees. Though it acknowledges that the ALJ accepted Dr. Safavi's opinion and that that opinion included a restriction on sitting for more than two hours at a time, it argues that, since the ALJ limited Plaintiff to a total of six hours of standing and a maximum of one hour of standing at a time, by

---

[2] The Agency argues that the Court need not resolve the issue of whether a grinding wheel and foot pedal cutting tool are tools or machines because the vocational expert already implicitly decided that they were tools when she testified that Plaintiff could work as a jewelry preparer and that this testimony was consistent with the DOT. (Joint Stip. at 8-9.) The Court does not find this argument convincing in light of the fact that, as the Agency seems to agree, the vocational expert's testimony that Plaintiff could perform the jobs of buckler/lacer and stuffer and that this testimony was consistent with the DOT was wrong. Thus, her assurance as to the jewelry preparer job is not controlling.

implication, he was finding that Plaintiff needed a sit/stand option at work and that the vocational expert understood this to be the case when she opined that Plaintiff could work as a jewelry preparer. (Joint Stip. at 12.)

The Court is not persuaded by this argument. The record is clear that the ALJ did not include a restriction for sitting for more than two hours in his written decision denying benefits. (AR 95-96.) Though there is some ambiguity about what restrictions he was including in the hypothetical question to the vocational expert at the hearing, the inference that can be drawn from the written decision is that he was not including that limitation in the hypothetical, either. (AR 19-20.) This finding is bolstered by the ALJ's phrasing of the hypothetical question that followed in which he asked the vocational expert to assume, among other things, that Plaintiff could "sit for one hour at a time, stand for one hour at a time." (AR 23.)

The Agency does not agree. It points out that the vocational expert discussed a limitation of six hours of standing with an opportunity to sit for 15 minutes every hour and contends that this means that the vocational expert must have assumed that Plaintiff could not sit for more than two hours at a time. (Joint Stip. at 12-13.) Though the Court would agree that a one-hour standing limitation was discussed by the ALJ, the vocational expert, and Plaintiff's attorney, (AR 20-21), the three then got side-tracked on other issues and it is not clear that the vocational expert considered this limitation when she offered her opinion soon thereafter in the hearing. (AR 22.) Absent clear evidence that she considered this limitation, the Court concludes that she did not.

The ALJ's failure to include Dr. Safavi's limitation on sitting constitutes a silent rejection of that limitation, which is not allowed. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995) (holding ALJ must provide specific and legitimate reasons for rejecting doctor's opinion which are supported by substantial evidence in the record). Thus, reversal is mandated. Alternatively, reversal is required because the ALJ failed to include all of Plaintiff's limitations in the hypothetical question to the vocational expert. *See Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002) (holding ALJ "must include all of the claimant's functional limitations, both physical and mental supported by the record.") (citation omitted). On remand, he should do so.

The ALJ also failed to include Dr. Safavi's limitation on exposure to dust, fumes, etc. Plaintiff complains that this, too, warrants reversal. The Agency disagrees, arguing that, according to the DOT, the job of jewelry preparer does not involve dust or fumes. The Court sides with the Agency. As described by the DOT, the job of jewelry preparer does not involve exposure to dust, fumes, or pulmonary irritants. *See* DOT No. 700.687-062. Thus, any error on the ALJ's part in not including this limitation in the hypothetical question to the vocational expert was harmless.

IV. CONCLUSION

For the reasons set forth above, the Agency's decision is reversed and the case is remanded for further consideration consistent with this decision.

IT IS SO ORDERED.

DATED: February 9, 2014

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Social Security\YBARRA, 10155\Memo Opinion.wpd